DRUMM-FLATO COMMISSION COMPANY v. UNION MEAT COMPANY.

Decided November 25. 1903.

Sale of Cattle—Damages Against Factor.
   Evidence considered and held insufficient to sustain a judgment in damages against a factor for losses on sale of cattle.

Appeal from the District Court of Bexar. Tried below before Hon. J. L. Camp.

*Ball & Ingram,* for appellant.

*J. E. Webb,* for appellee.

NEILL, ASSOCIATE JUSTICE.—Appellee, plaintiff below, sued appellant, defendant below, to recover damages alleged to have been caused by defendant's negligence in classifying below their grade and in selling for less than their market value 298 head of cattle shipped from San Antonio, Texas, and consigned by plaintiff to defendant as a factor for sale at East St. Louis, Ill. ·The plaintiff alleged that the cattle were fat and marketable, but that defendant negligently classified them as thin, rough and common cattle, and sold them below their market value at East St. Louis on certain days of March, 1902, to plaintiff's damage in the sum of $746.61.

- The defendant answered by a general denial, and the case was tried before a jury and the trial resulted in a judgment in favor of plaintiff for the sum of $500.

The conclusions we have formed from reading and carefully considering all the evidence, in our view, render it unnecessary to a proper disposition of this appeal to consider all of appellant's assignments of error.

There is not a scintilla of evidence tending to show that the animals or any of them were classified by the defendant or sold by it as thin, rough or common cattle. On the contrary the undisputed evidence shows that it is not customary for factors to classify and sell cattle in the market at East St. Louis by classification. The invariable custom is for the factors to whom they are consigned to exhibit them in the market for sale, and sell them for the highest price that can be obtained. The great preponderance of evidence shows that this method of sale was adopted by the defendant, the cattle exhibited to the buyers, due care and diligence taken and good faith exercised by the defendant to sell them at the highest market price obtainable, and after the exercise of such care and diligence they were sold at the best price that could be obtained. It may be that it could be found from the evidence that other cattle of the same or of no higher grade or quality were sold in the market there at the same time for better prices. If this should be conceded, it is not sufficient evidence, even if it tends in that direction, to show that the defendant was guilty of negligence in selling the cattle

below their market value. For, as the court instructed the jury, "if defendant's agent exercised ordinary care, skill and diligence to obtain the fair market value of the cattle," defendant was entitled to a verdict, "although the jury may have believed from the evidence that the cattle were sold for less than their market value." As is said by Judge Cooley: "Whoever bargains to render service for another undertakes for good faith and integrity, but he does not agree that he will commit no errors. For negligence, bad faith or dishonesty, he would be liable to his employer; but if he is guilty of neither of these, the master or employer must submit to such incidental losses as may occur in the course of the employment, because these are incidents to all avocations, and no one, by any implication of law, ever undertakes to protect another against them." Page v. Wells, 37 Mich., 415.

The testimony of defendant's witness Joe Berry in regard to a sale of Mr. Butler's cattle in April, 1901, which was drawn out on cross-examination by plaintiff's counsel, was wholly irrelevant and immaterial to any issue in this case, and could not, therefore, be impeached by introducing evidence to the contrary, as was done in this case by the testimony of Mr. Butler, which gave an entirely different version of the transaction. Smye v. Groesbeeck, 73 S. W. Rep., 972.

Besides, the testimony of Butler was extremely prejudicial to the defendant, and we can account for the verdict being against the overwhelming weight of the testimony only upon the hypothesis that its consideration influenced the jury.

Because the verdict upon the question of negligence finds no support in the evidence, the judgment is reversed and the cause remanded.

*Reversed and remanded.*